IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BERNARD BATTLE,** <br> **Petitioner** <br><br> v. <br><br> **FERNANDO GARZA,**[1] <br> **Respondent** | : No. 1:23-CV-0289 <br> : <br> : (Judge Munley) <br> : <br> : <br> : <br> : <br> : |

## MEMORANDUM

Petitioner Bernard Battle initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Battle alleges that the Federal Bureau of Prisons (BOP) has improperly forfeited his good time credits. For the reasons that follow, the court will deny his Section 2241 petition.

I.  **BACKGROUND**

Battle is currently serving an aggregate 12- to 36-year sentence imposed in 1994 by United States Superior Court for the District of Columbia for two District of Columbia (D.C.) Code offenses: (1) possession of a firearm during a crime of violence, and (2) carjacking. (See Doc. 10-1 at 3 ¶ 3; id. at 5 ¶ 12). Battle's

---

[1] Battle named "D. Christensen" as Respondent in this case. However, Battle is currently confined at USP Canaan, so the appropriate respondent is the warden of that institution, Fernando Garza. (See Doc. 10 at 1 n.1); 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); see also 28 U.S.C. § 2254 Rule 2(a). The Court will therefore substitute the appropriate respondent in this matter. See FED. R. CIV. P. 25(d).

sentence included a mandatory minimum 12 years' incarceration. (Id. at 5 ¶ 12). Battle became eligible for parole in 2004, but has been denied parole on multiple occasions. (See id. at 6 ¶ 21). His current projected release date, via good conduct time as determined by the BOP, is June 25, 2029. (See id. at 3 ¶ 3).

Battle filed the instant Section 2241 petition in January 2023, alleging that the BOP has improperly calculated his good time credits and resultant mandatory parole date. (See generally Doc. 1). Battle improperly filed the petition in the United States Court of Appeals for the Third Circuit, which transferred the petition to this court. (See Doc. 1-1). Battle asserts that he is owed "3,373 days" of good time credits and that his mandatory parole date should have been September 11, 2018. (Id. at 9). Respondent filed a response to the Section 2241 petition, (Doc. 10), and Battle filed a traverse[2] the following month, (Doc. 11). Battle's petition, therefore, is ripe for disposition.

## II. DISCUSSION

The gravamen of Battle's habeas claim is that because he is a D.C. offender in federal custody, the accrual of good time credits is controlled by D.C.

---

[2] Battle's traverse will not be considered in the adjudication of the instant Section 2241 petition for two reasons. First, Battle's filing violates Local Rule 7.8(b) insofar as its length far surpasses the district's briefing page limitations, which Battle did not seek leave of court to exceed. See LOCAL RULE OF COURT 7.8(b). Second, most of Battle's traverse asserts entirely new arguments regarding the Administrative Procedures Act that do not appear in his initial petition. Those arguments, raised for the first time in a reply brief, are waived. See Hayes v. Silvers, Langsam & Weitzman, P.C., 441 F. Supp. 3d 62, 67 n.5 (E.D. Pa. 2020); cf. McLendon v. Continental Can Co., 908 F.2d 1171, 1183 (3d Cir. 1990).

law, which overrides any contradictory BOP policy. He therefore contends that the BOP's forfeiture of his good time credits for disciplinary violations, allegedly based on BOP policy or regulation, was improper and must be reversed. Respondent counters that Battle failed to exhaust his administrative remedies and that, even if he would have exhausted the instant claim, it lacks merit. The Court agrees that Battle's sentence-computation claim is meritless.

### A.     Exhaustion of Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and

progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. See id. §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

Battle admits that he did not fully exhaust his administrative remedies. (See Doc. 1 at 11-12). He maintains that because his claim concerns only statutory interpretation, administrative exhaustion is not required. The court agrees that, to the extent that Battle's sentencing-calculation claim implicates a question of statutory construction, exhaustion through the BOP is unnecessary.

4

See Vasquez, 684 F.3d at 433-34.  The court thus turns to the merits of his claim.

### B.     Merits of Section 2241 Petition

Battle's claim, which he grounds in the Fourteenth Amendment's Due Process Clause, appears to be based on a fundamental misunderstanding of the BOP's method of calculation of his good time credits.  As best the court can ascertain, his argument is as follows:

Battle has committed numerous, serious disciplinary infractions during his incarceration.  (See Doc. 10-1 at 6 ¶ 17; id. at 157-86 (listing dozens of violations)).[3]  These disciplinary violations appear to have substantially impacted Battle's accrual of good conduct time during his imprisonment.  (See id. at 6 ¶ 17).  Battle contends that he has lost good conduct time based on the BOP's policy and regulations, specifically BOP Program Statement 5270.09 ("Inmate Discipline Program"), which incorporates 28 C.F.R. § 541.4, "Loss of good conduct sentence credit as a mandatory sanction."  (See Doc. 1 at 6-7, 10, 13-14).  According to Battle, he has been subjected to mandatory loss of good conduct time under Section 541.4(a) even though he does not meet the qualifications for this provision.  (See id.).  He maintains that, because his D.C.

---

[3] Many of Battle's disciplinary infractions involve serious and repeated sexual misconduct toward female BOP staff members.  (See Doc. 10-1 at 157-86).

5

offense date was in 1994, he does not qualify as a "D.C. Code offender" whose date of offense was "on or after August 5, 2000," as required by Section 541.4(a)(2) for loss of good conduct sentence credit as a mandatory disciplinary sanction. (See id. at 7); 28 C.F.R. § 541.4(a)(2).[4] Thus, Battle posits, "the BOP's forfeiture of [his] good time credits is in violation of its own policy [P]rogram [S]tatement 5270.09 . . . because Battle is not sentence[d] under either of the two groups as defined in [Section] 541.4." (Doc. 1 at 7).

Battle's claim fails for two reasons. First, and foremost, Battle has not been subjected to mandatory loss of good conduct time pursuant to 28 C.F.R. § 541.4(a). Rather, Battle has been precluded from earning D.C. educational good time credits (DCEGT credits) due to his numerous disciplinary infractions. (See Doc. 10-1 at 5-6 ¶¶ 13-17); D.C. CODE § 24-221.01(a) (providing that D.C. offenders "whose conduct *complies with institutional rules*" are eligible to earn educational good time credits (emphasis supplied)). Under the plain language of the D.C. Code as properly applied by the BOP, Battle's persistent, serious misconduct while incarcerated has rendered him ineligible to earn DCEGT credits for substantial periods of time. (See Doc. 10-1 at 157-86; id. at 188-95).

---

[4] The second group of applicable offenders for Section 541.4(a) is "VCCLEA–violent inmates" who violated the United States Code by committing a "crime of violence" as defined by the VCCLEA between September 13, 1994, and April 26, 1996, a category which plainly does not apply to Battle. See 28 C.F.R. § 541.4(a)(1).

6

Thus, no "forfeiture" of good time credits occurred; Battle simply was ineligible to earn DCEGT credits for significant periods due to his pervasive misconduct. See D.C. CODE § 24-221.01(a).

Second, to the extent that Battle takes issue with the BOP's specific good conduct time calculations, such a claim requires administrative exhaustion. Moreover, that claim has already been explicitly addressed by the United States District Court for the Northern District of Illinois earlier this year. In a comprehensive opinion issued just a few weeks before Battle filed the instant Section 2241 petition, the district court painstakingly reviewed the applicable D.C. Code provisions and Battle's DCEGT credit calculations and found that the BOP properly calculated Battle's good conduct time. See Battle v. Ciolli, No. 3:21-CV-50358, 2023 WL 35158, at *2-6 (N.D. Ill. Jan. 4, 2023). The court need not, and will not, rehash this meticulous and accurate analysis.

Battle has failed to establish that the BOP improperly calculated his sentence through erroneous statutory interpretation. Accordingly, no habeas relief is due.

## III. CONCLUSION

Based on the foregoing, the Court will deny Battle's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 12/4/23

BY THE COURT:

_____
**JUDGE JULIA K. MUNLEY**
**United States District Court**